IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Criminal No. 03-195 |
| | ) | |
| MICHAEL STROTHERS, | ) | |
| | ) | |
| Defendant. | ) | |

O R D E R

AND NOW, this 19th day of June, 2008, upon consideration of Defendant Michael Strothers' pro se "Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" (Document No. 67), filed in the above-captioned matter on February 28, 2008, and upon further consideration of the Government's Response thereto (document No. 69),

IT IS HEREBY ORDERED that said Motion is DENIED.

Defendant's motion seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the United States Sentencing Guidelines, which amended the Guidelines' determination of base offense levels for crack cocaine offenses.[1] He further argues that, in determining the extent of the reduction, the Court must apply the holding of United States v. Booker, 543

---

[1] The Court notes that Amendment 706 was amended by Amendment 711 and that, since the filing of Defendant's motion, the Sentencing Commission has also enacted Amendment 715, which amends both provisions, and made it retroactive.

1

U.S. 220 (2005), and that, upon re-sentencing, the Court may impose a more lenient non-guideline sentence.

Section 3582(c) provides that a sentencing court "may not modify a term of imprisonment once it has been imposed" except under the circumstances set forth in subsections (1) and (2). It is subsection (2) that is at issue here. That subsection provides:

> [I]n case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 1B1.10 of the United States Sentencing Guidelines contains the policy statements applicable for sentence reductions as a result of an amended guideline range. Subsection (c) provides that Amendments 706, 711, and 715, which pertain to the changes made in calculating base offense levels for offenses involving cocaine base, are covered by this section.

Specifically, Amendment 706 amended USSG § 2D1.1(c), which sets forth the base offense level applicable under Section 2D1.1 based on the amount of cocaine base attributable to the defendant. The amendment lowered the offense level relative to the quantity of cocaine base involved and also addressed situations where some other

2

type of controlled substance in addition to cocaine base is also attributable to the defendant. Amendment 711 amended Amendment 706. Amendment 715 essentially amended both in regard to the calculation of the base offense level when another type of controlled substance is also involved.

However, although Defendant's offense was conspiracy to distribute and possess with intent to distribute, inter alia, 5 grams or more of cocaine base, his sentence was not based on Section 2D1.1. Rather, the Court found the Defendant to be a career offender and sentenced him based on a range provided for by USSG § 4B1.1. Accordingly, he was not sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

Defendant argues, with no real support, that "[a]ll crack sentences were 'based on' the crack guideline's sentencing ranges because those ranges represented the starting point of every sentencing pre- and post-Booker, even if the defendant was ultimately sentenced under §§ 4B1.1 or 4B1.4." He cites no authority for this proposition, and indeed, what authority there is stands directly contrary to this proposition.

Section 1B1.10(a)(1) provides:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's

3

> term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

Application Note 1 further clarifies this point:

> Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: . . . (ii) an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).

Since Defendant's guideline sentencing range was determined under Section 4B1.1 and is not at all affected by Amendments 706, 711, and 715, these amendments do not have the effect of lowering Defendant's guideline range. Accordingly, a reduction in Defendant's sentence would be inconsistent with this policy statement.

It is important to understand that 3582(c) does not simply provide a vehicle for re-opening sentences for further consideration, but rather, sets forth the exceptions to the prohibition on modifying criminal sentences. As such, the statute limits the court's jurisdiction to modify sentences except as set forth in the statute. See United States v. Higgs, 504 F.3d 456, 464 (3d Cir. 2007); United States v. Smith, 438 F.3d 796, 799 (7th Cir. 2006); United States v. Cruz, 2008 WL 539216, at *4 (E.D.N.Y. Feb. 27, 2008). The language of 3582(c)(2) makes it clear that

4

modifications of a sentence based on a subsequently amended guideline sentencing range are limited to reductions "consistent with applicable policy statements by the Sentencing Commission."[2] Therefore, for this Court to even have jurisdiction to reduce Defendant's sentence, the sentence must be consistent with the policy statements set forth in Section 1B1.10 of the Guidelines.

Indeed, courts to have considered the issue have held that criminal defendants sentenced as career offenders are not eligible for sentence reductions pursuant to Section 3582(c)(2) based on amendments that do not impact their sentencing range under Section 4B1.1. See, e.g., United States v. Hickey, 280 F.3d 65 (1st Cir. 2002); United States v. Downs, 2008 WL 718177 (M.D. Fla. Mar. 14, 2008); United States v. Wilson, 2003 WL 223429 (D. Del. Jan. 29, 2003). This is consistent with the Third Circuit's decision in United States v. McBride, 283 F.3d 612 (3d Cir. 2002), where the Circuit Court held:

> It is, thus, clear that only the retroactive amendment is to be considered at a re-sentencing under § 3582 and the applicability of that retroactive amendment must be determined in light of the circumstances existent at the time sentence was originally imposed. In other words, the retroactive amendment merely replaces the provision it amended and, thereafter, the Guidelines in effect at the time of the original sentence are applied.

---

[2] The Court notes that the fact that a sentence can only be reduced under Section 3582(c)(2), and not increased, demonstrates the limited nature of the Court's ability to modify a criminal defendant's sentence.

5

283 F.3d at 615. See also USSG § 1B1.10, App. Note 2. Accordingly, a finding pursuant to Section 4B1.1 that a defendant is a career offender and the calculation of his guideline range under that section remain in effect regardless of any amendment to Section 2D1.1.

Here, Defendant's sentencing range under Section 4B1.1 was based solely on his prior convictions and the statutory maximum sentence for his offense. It was not based in any way on the amount of crack cocaine attributable to him and, accordingly, a change impacting the applicable offense level relative to the quantity of cocaine base involved simply has no application in this case.

The Court notes that Defendant's argument that his sentencing range was "based" on Section 2D1.1 is tied into his argument that Booker is applicable in re-sentencings under Section 3582(c)(2). He does not really dispute that his guideline sentencing range is unaffected by the amendments at issue. What he argues is that re-calculating the sentencing range that would have applied were he not a career offender would allow the Court to determine whether a sentence under the career offender provisions is a reasonable one under Booker. Indeed, the crux of his entire position is that the Court can and should vary downward under Booker in re-sentencing him. However, for some of the reasons already discussed, this argument misses the mark.

First, the Court reiterates that, since his guideline sentencing range is unaffected by Amendments 706, 711, and 715, he is not entitled to any reduction at all, let alone to one that would reduce his sentence even lower than his guideline range. However, even accepting, arguendo, Defendant's argument that an amendment that merely creates a basis for re-evaluating the reasonableness of a sentence opens the door for a 3582(c)(2) reduction, an argument the Court thoroughly rejects, Booker would not apply in his re-sentencing and would provide no basis for a sentence lower than the one imposed under the unchanged career offender guidelines.

When Section 1B1.10 was amended to include Amendments 706 and 711 as retroactive amendments, other substantive changes were made to this section. Section 1B1.10(b)(2)(A) now provides:

> Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

The exceptions provided for in Subsection (2)(B) do not apply here, since Defendant's original term of imprisonment was not less than the term provided by the guideline range applicable at the time of his sentencing.

Defendant's position is apparently that, regardless of this language, since, pursuant to Booker, Section 1B1.10 is no more binding than any other portion of the Guidelines, the Court is not

7

bound by these restrictions and may sentence him outside of the guideline range, apparently even when this range is unchanged as a result of an amendment. However, such an argument mischaracterizes the nature of a reduction of sentence under Section 3582(c)(2). A reduction pursuant to Section 3582(c) does not constitute a de nova re-sentencing. See McBride, 283 F.3d at 615; USSG § 1B1.10, Background. Indeed, in McBride, the Third Circuit held that Apprendi v. New Jersey, 530 U.S. 466 (2000), was not applicable in reducing a sentence under Section 3582(c)(2). The Court refused to apply Apprendi even though that case was decided subsequent to the defendant's original sentencing but prior to his Section 3582(c)(2) reduction. Instead, the court held that "the retroactive amendment merely replaces the provision it amended and, thereafter, the Guidelines in effect at the time of the original sentence are applied." 283 F.3d at 615.

Apprendi, like Booker, placed constitutional limits on the sentence which can be imposed on a criminal defendant. Accordingly, if Apprendi does not apply in a 3582(c)(2) proceeding, it would seem that Booker would likewise be inapplicable in such a limited proceeding. Indeed, almost all courts to have addressed the issue have held that Booker does not apply in such proceedings. See, e.g., United States v. Moreno, 421 F.3d 1217, 1220-21 (11th Cir. 2005); United States v. Hudson, 242 Fed. Appx. 16 (4th Cir. 2007); United States v. Roberson, 2008 WL 2020209, at *2 (M.D. Pa. May 8,

2008); United States v. Julien, 2008 WL 1933340 (D. Me. May 2, 2008); United States v. Eugene, 2008 WL 1803628 (W.D. Va. Apr. 21, 2008); Montes v. United States, 2008 WL 906079, at *2 (S.D.N.Y. Apr. 3, 2008); United States v. Means, 2008 WL 718158, at *2 (M.D. Fla. Mar. 14, 2008); United States v. Cruz, 2008 WL 539216 (E.D.N.Y. Feb. 27, 2008); United States v. Hopkins, 2008 WL 504002, at *1 (N.D. Iowa Feb. 21, 2008). Cf. United States v. Swint, 2007 WL 2745767, at *3 n.1 (3d Cir. Sept. 21, 2007).

The rationale for this is that, as discussed above, 3582(c) limits the court's jurisdiction to modify sentences except as set forth in the statute. Pursuant to 3582(c)(2), modifications of a sentence based on a subsequently amended guideline sentencing range are limited to reductions "consistent with applicable policy statements by the Sentencing Commission." Therefore, as discussed, this Court would lack jurisdiction to reduce Defendant's sentence below the guideline sentencing range since such a reduction would be inconsistent with the policy statements set forth in Section 1B1.10 of the Guidelines.[3]

In other words, even if the Sixth Amendment concerns addressed in Booker applied in a limited proceeding such as one under 3582(c)(2), and even if the language of 1B1.10 was thereby rendered advisory, the Court still could not sentence Defendant to

---

[3] It is noteworthy that the Court sentenced Defendant to the bottom of the guideline sentencing range pursuant to Section 4B1.1.

9

a term lower than the bottom of the guideline range. Such a sentence would be patently inconsistent with the policy statement set forth in Section 1B1.10, and, therefore, Section 3582(c)(2) would not permit such a sentence.

It should be noted that at least one circuit court, the Ninth Circuit Court of Appeals, has come to a different conclusion and held that <u>Booker</u> does apply in Section 3582(c)(2) reduction proceedings. <u>See</u> <u>United States v. Hicks</u>, 472 F.3d 1167 (9th Cir. 2007). However, in <u>Hicks</u>, the Ninth Circuit considered the prior language of Section 1B1.10, which did not include the limitations regarding sentencing a defendant no lower than the bottom of the new guideline range as set forth in subsection (b)(2). That court's conclusion that the Sentencing Commission's policy statements were not inconsistent with the application of <u>Booker</u> is no longer valid. Indeed, the amendments to Section 1B1.10 appear to have been enacted specifically to prevent the application of <u>Booker</u> to Section 3582(c)(2) proceedings.[4]

The Ninth Circuit does go on, in dicta, to hold that "under <u>Booker</u>, to the extent that the policy statements would have the effect of making the Guidelines mandatory (even in the restricted context of § 3582(c)(2)), they must be void." <u>Id.</u> at 1172. However, the court does not explain this dicta. In any

---

[4] For the same reasons, Defendant's reliance on <u>United States</u> v. <u>Forty Estremera</u>, 498 F. Supp. 2d 468 (D. P.R. 2007), is misplaced, as the court in that case also applied the prior language of Section 1B1.10.

10

event, this Court is not persuaded, since, as discussed above, Section 3582(c)(2) is very much unlike the provisions at issue in Booker. As discussed, Section 3582(c)(2) is jurisdictional and represents a narrow exception to a general provision preventing **any** sentence modifications. While the Sixth Amendment certainly guarantees certain rights in regard to sentencing, it does not create any right to later modification of a presumptively valid sentence. Congress can limit the modification of otherwise lawful sentences as it sees fit.

Moreover, there is no indication that simply rendering void all provisions of Section 1B1.10 that mandate a guideline sentence would in any way further the legislative intent of either Section 3582(c)(2) or Section 1B1.10. To the contrary, Section 3582(c)(2) purports to create a limited opportunity for a court to reduce a valid sentence and has been construed as such. Section 1B1.10 was specifically amended to make it clear that Booker variances are not consistent with Sentencing Commission policy statements. Accordingly, this Court rejects the view of the Ninth Circuit and agrees with those courts that have held that Booker does not apply in Section 3582(c)(2) proceedings.

Therefore, for the reasons stated herein, Defendant is not entitled to a reduction in sentence pursuant to Section 3582(c)(2), and his motion in denied.

s/Alan N. Bloch
United States District Judge

11

ecf:     Counsel of record

cc:      Michael Strothers
         #07864-068
         FCI McKean
         P.O. Box 8000
         Bradford, PA 16701